IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| BEIJING XIAOMI | § | |
| TECHNOLOGY CO., LTD., | § | |
| SHENZHEN TOMTOP | § | |
| TECHNOLOGY CO., LTD., | § | |
| | § | |
| *Defendants*. | § | |



Mi 4 phone with Android 4.4 "KitkKat" Operating System

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Blue Spike, LLC files this complaint against Defendants Beijing Xiaomi Technology Co., Ltd. ("Xiaomi") and Shenzhen Tomtop Technology Co., Ltd., ("Tomtop", together with Xiaomi the "Defendant"), and alleges infringement of U.S. Patent No. 8,930,719 (the '719 Patent or "Patent-in-Suit") titled "Data Protection Method and Device" as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Plaintiff Blue Spike, LLC is a Texas limited liability company and has its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703. Blue Spike, LLC is the assignee of the Patent-in-Suit, and has ownership of all substantial rights in the '719 Patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

3. On information and belief, Beijing Xiaomi Technology Co., Ltd. is incorporated in China with its principal place of business at Office Building, the Rainbow City of China Resources, No.68, Qinghe Middle Street, Haidian District, Beijing, China 100085.

4. On information and belief, Shenzhen Tomtop Technology Co., Ltd. is incorporated in China with its principal place of business at Floor 4, Building A3, Hekan Industrial Zone, No. 41, Wuhe South R, Shenzhen, Guangdong, 518129 China.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq*. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for at least four reasons: (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas;

(2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here. Thus, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

7.  Venue is proper in this judicial district under 28 U.S.C. §§1391(b)–(c) and 1400(b) because Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District.

## THE ACCUSED PRODUCTS AND SERVICES

8.  Defendant designs, develops, employs, and/or manufactures Address Space Layout Randomization ("ASLR") software, systems, and/or technology. Defendant makes, uses, offers for sale and/or imports into the U.S. products, systems, and/or services including, but not limited to, its Mi 4, Mi 4 LTE, Mi 4c, Mi 4i, Mi 5, Mi 5 Plus, Mi Note Plus, Mi Note Pro, Redmi 1S, Redmi 2, Redmi 2 Prime, Redmi 2 Pro, Redmi 2A and Redmi Note 2 devices (collectively, "Accused Products"), which infringe one or more claims of the Patent-in-Suit.

9.  Defendant has not sought or obtained a license for any of Blue Spike's patented technologies.

10. Yet Defendant's Accused Products are using methods, devices, and systems taught by Blue Spike's Patent-in-Suit.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,930,719

11. Blue Spike incorporates by reference the allegations in paragraphs 1 through 10 of this Complaint.

12. The '719 Patent is valid, is enforceable, and was duly and legally issued on January 6, 2015. A true and correct copy of the '719 Patent is attached to this Complaint as Exhibit A.

13. Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '719 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

14. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '719 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '719 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '719 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '719 Patent under 35 U.S.C. § 271. Those whom Defendant

induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '719 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '719 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '719 Patent under 35 U.S.C. §271.

15. Defendant's acts of infringement of the '719 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '719 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

16. On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

    a. Through concurrent litigation with Blue Spike. The parties are actively litigating Huawei's infringement of Blue Spike's U.S. Patent No. 5,745,569 (the '569 Patent), Case No. 6:13-cv-774. The '719 Patent incorporates by reference the '569 Patent.

    b. Defendant has been on notice of the infringing ASLR component of its personalized Android operating system at least as early as the filing of the '569 complaint. Even so, Defendant continues to provide access to its personalized Android operating system via the website http://en.miui.com.

    c. Through the filing and service of this Complaint.

17.     On information and belief, Defendant has at least had constructive notice of the '719 Patent by operation of law.

## REQUEST FOR RELIEF

Blue Spike incorporates each of the allegations in paragraphs 1 through 17 above and respectfully asks the Court to:

(a)     enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the Patent-in-Suit;

(b)     enter a judgment awarding Blue Spike all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the Patent-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of one or more of the Patent-in-Suit;

(d)     issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Patent-in-Suit;

(e)     enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. §285, together with prejudgment interest; and

(f)     award Blue Spike all other relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Blue Spike demands a jury trial on all issues that may be determined by a jury.

                Respectfully submitted,

                /s/ Randall T. Garteiser
                Randall T. Garteiser
                  Texas Bar No. 24038912
                  rgarteiser@ghiplaw.com
                Christopher A. Honea
                  Texas Bar No. 24059967
                  chonea@ghiplaw.com
                Christopher S. Johns
                  Texas Bar No. 24044849
                  cjohns@ghiplaw.com
                Kirk J. Anderson
                  California Bar No. 289043
                Molly A. Jones
                  California Bar No. 301419

                **GARTEISER HONEA, P.C.**
                119 W. Ferguson Street
                Tyler, Texas 75702
                Telephone:  (903) 705-7420
                Facsimile:  (888) 908-4400

                ***Counsel for Blue Spike, LLC***

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 19th day of November 2015.

                                              /s/ Randall T. Garteiser
                                              Randall T. Garteiser